**Daniel CONRAD, Petitioner–Appellant,**

v.

**Kenny ROBINSON, Warden, Respondent–Appellee.**

No. 01–1342.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.*

Daniel Conrad appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1994, a Michigan jury convicted Conrad of first-degree murder and a felony firearm offense, violations of Mich. Comp. Laws §§ 750.316 and 750.227b. He was sentenced to a term of life imprisonment, and that sentence was affirmed on direct appeal. *Michigan v. Conrad,* No. 183412, 1997 WL 33344600 (Mich.Ct.App. Aug. 5, 1997) (unpublished).

In his petition, Conrad alleged: 1) that there was insufficient evidence of premeditation and deliberation; 2) that the jury should have been instructed on the defense of accident; 3) that the prosecution im-

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

properly amended its witness list; 4) that he was entitled to a change of venue; and 5) that the prosecutor elicited improper testimony involving his post-arrest silence. The district court adopted a magistrate judge's recommendation and dismissed Conrad's § 2254 case on February 7, 2001. It is from this judgment that he now appeals.

The district court issued a certificate of appealability ("COA") regarding Conrad's first and fifth claims. A COA has not been issued as to any of his other claims. Hence, appellate review is limited to Conrad's claims that there was insufficient evidence of premeditation and deliberation and that the prosecutor improperly elicited testimony regarding his post-arrest silence. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000), *cert. denied*, 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

Conrad's objections to the magistrate judge's report did not raise any specific challenge to the magistrate judge's rationale for recommending the dismissal of his case. Instead, he summarily referred to the arguments that had been raised in his § 2254 petition. These objections were arguably insufficient to preserve Conrad's claims for appellate review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). We note, nonetheless, that his claims lack substantive merit.

We review the dismissal of Conrad's petition *de novo*, although the district court's factual findings must be affirmed if they are not clearly erroneous. *See Seymour*, 224 F.3d at 549. Federal habeas corpus relief is available only if the state court's rejection of Conrad's claims:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if it reaches an opposite conclusion to the Supreme Court on a controlling point of law or if it decides the case differently than Supreme Court precedent on a set of materially indistinguishable facts. *Seymour*, 224 F.3d at 549. An "unreasonable application" of clearly established federal law occurs when the state court correctly identifies the governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts. *Id.* A federal court may not issue a writ of habeas corpus if the state court's decision was objectively reasonable, even if it believes that the state court applied the law incorrectly. *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir.2000).

Conrad first alleged that there was insufficient evidence of premeditation and deliberation regarding his murder charge, in light of evidence which indicated that he had been intoxicated at the time of the offense. To determine whether a conviction is supported by sufficient evidence the courts must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in the original). The state court of appeals summarized its analysis of Conrad's claim as follows:

Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational jury could have found that defendant's voluntary intoxication did not negate specific intent. In light of the inference raised by the evi-

dence that defendant obtained the gun sometime before the shooting, we conclude that a rational jury could also have found that the killing was not done on a sudden impulse, but rather that defendant had sufficient time to "subject the nature of his initial response to a 'second look.'" Accordingly, we conclude that the trial court did not err in denying defendant's motion for a directed verdict on the charge of first-degree murder.

*Conrad,* 1997 WL 33344600, at ·*3 (citation omitted). We conclude that Conrad's claim regarding the sufficiency of the evidence was properly dismissed because the state court's analysis did not involve an unreasonable application of controlling Supreme Court precedent. *See Wright v. West,* 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); *Jackson,* 443 U.S. at 319.

Conrad also alleged that the prosecutor elicited improper testimony regarding his decision to remain silent after his arrest. The state court of appeals analyzed this claim as follows:

> [D]efendant claims that his silence was improperly used against him at trial where the prosecutor elicited the arresting officer's testimony that defendant did not react or say anything after the officer informed defendant that Ernst had been shot and was dead, and that defendant was under arrest for open murder.... [T]he evidence of defendant's silence in this respect occurred after he had received *Miranda* warnings and invoked his right to counsel. Nevertheless, assuming without deciding for the purpose of this analysis that constitutional error occurred, we conclude that the error, as evaluated in the context of the entire record, did not contribute to the jury's verdict and was therefore harmless beyond a reasonable doubt.

*Conrad,* 1997 WL 33344600, at *4 (footnote omitted). Despite Conrad's arguments to the contrary, this claim was also properly dismissed because the state court's analysis was not based on an unreasonable application of controlling Supreme Court precedent. *See Brecht v. Abrahamson,* 507 U.S. 619, 638–39, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Accordingly, the district court's judgment is affirmed.